UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
CARLOS COJ PAR,

                    Plaintiff,                              **COMPLAINT**

      -against-

AGOROMI RISTORANTE LLC d/b/a
NOSTRO RISTORANTE, AGOSTINO RIPA, and      **JURY TRIAL DEMANDED**
ROUMELIIA RIPA,

                    Defendants.
------------------------------------------------------------------- X

       Plaintiff Carlos Coj Par ("Plaintiff" or "Coj Par"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Agoromi Ristorante LLC d/b/a Nostro Ristorante, Agostino Ripa, and Roumeliia Ripa (collectively, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

       1.     Throughout his employment as a cook at Nostro Ristorante, Defendants paid Coj Par on a salary and day rate basis that failed to compensate him for overtime hours worked at a rate of one and one-half (1.5) times his regular hourly wage rate. At points during his employment, Coj Par's regular wage rate fell below the statutory minimum wage rate established for employers in Brooklyn. Defendants further failed to provide Coj Par with: (i) spread-of-hours pay when he worked shifts spanning over ten hours per day, (ii) a wage notice at his time of hiring and when his rate of pay changed, and (iii) accurate wage statements with each payment of wages.

       2.     Coj Par brings this action to recover unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because Nostro Ristorante is located and operated by Defendants in the Eastern District of New York and the events giving rise to Coj Par's claims occurred in the Eastern District of New York.

## THE PARTIES

**Plaintiff Carlos Coj Par**

5. Coj Par resides in Kings County, New York.

6. Defendants employed Coj Par as a cook from approximately August 2018 until September 19, 2021.

**Defendant Agoromi Ristorante LLC**

7. Defendant Agoromi Ristorante LLC is a New York limited liability company that owns, operates, and does business as Nostro Ristorante, located at 710 Fifth Avenue, Brooklyn, New York 11215 ("Nostro Ristorante").

8. Nostro Ristorante is an Italian restaurant that offers indoor and outdoor dining and take-out options, hosts special events, and provides catering services. *See* https://nostroristorante.net/about-us (last accessed October 25, 2021).

9. At all relevant times, Nostro Ristorante has had employees, including Coj Par, engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. In the three years preceding the filing of this Complaint, Nostro Ristorante has had an annual gross volume of sales in excess of $500,000.

11. Nostro Ristorante is an enterprise engaged in commerce within the meaning of the FLSA.

**Defendants Agostino Ripa and Roumeliia Ripa**

12. Defendants Agostino Ripa and Roumeliia Ripa (collectively, the "Individual Defendants") are owners and principals of Nostro Ristorante.

13. The Individual Defendants are each listed as principals of Nostro Ristorante on New York State Liquor Authority Division of Alcoholic Beverage Control filings.

14. At all relevant times, the Individual Defendants held and exercised authority over personnel decisions at Nostro Ristorante, including the authority to hire and fire employees, set employee wage rates, and maintain employee pay records.

15. For example, Agostino Ripa hired Coj Par and set his wage rates. Agostino Ripa informed Coj Par directly about changes to his wage rates during Coj Par's employment.

16. Both Agostino Ripa and Roumeliia Ripa distributed wages to employees at Nostro Ristorante, including Coj Par.

17. Both Agostino Ripa and Roumeliia Ripa were present at Nostro Ristorante on most days of Coj Par's employment, and directed the work duties of Nostro Ristorante employees, including Coj Par. Roumeliia Ripa normally directed the work duties of Nostro Ristorante's front-of-the house staff, while Agostino Ripa normally directed the work duties of kitchen staff.

18. Roumeliia Ripa kept track of inventory and purchase receipts, and Agostino Ripa placed orders for produce and other necessary items at Nostro Ristorante.

19. The Individual Defendants exercised sufficient control over Nostro Ristorante's operations and Coj Par's employment to be considered Coj Par's employer under the FLSA and the NYLL.

## FACT ALLEGATIONS

20. Defendants hired Coj Par as a cook at Nostro Ristorante in approximately August 2018.

21. From approximately August 2018 through March 2020, Coj Par regularly worked: (i) eight and one-half (8.5) hour shifts, from about 3:00 p.m. to 11:30 p.m., three days per week (Fridays, Saturdays, and Sundays), and (ii) thirteen-hour shifts, from about 10:30 a.m. to 11:30 p.m., two days per week (Wednesdays and Thursdays), totaling approximately fifty-one and one-half (51.5) hours per work week.

22. Defendants paid Coj Par a weekly salary of $800.00 during this period, with $300.00 paid by check and $500.00 paid in cash.

23. Although Nostro Ristorante did not close during the Covid-19 pandemic because take-out orders increased and Nostro Ristorante had contracts to provide meals for essential workers, Defendants modified Coj Par's schedule as a result of the pandemic.

24. From approximately April 2020 through June 2020, Coj Par regularly worked thirteen-hour shifts, from about 10:30 a.m. to 11:30 p.m., on a rotating schedule of either three or four days every other week, totaling between thirty-nine and fifty-two hours per workweek.

25. Defendants paid Coj Par $180.00 per day worked by check on a weekly basis during this period.

26. On weeks during this period when Coj Par worked three days per week, his regular hourly wage rate fell below the statutory minimum wage rate established for employers in Brooklyn.

4

27. From approximately July 2020 through the end of his employment, Coj Par regularly worked: (i) eight and one-half (8.5) hour shifts, from about 3:00 p.m. to 11:30 p.m., four days per week, and (ii) thirteen-hour shifts, from about 10:30 a.m. to 11:30 p.m., two days per week, with Tuesdays off, totaling approximately sixty hours per workweek.

28. Defendants paid Coj Par $160.00 per day worked during this period.

29. Defendants did not provide Coj Par with spread-of-hours pay on days when he worked shifts spanning over ten hours.

30. Defendants did not maintain a time clock or other time tracking system to accurately records hours worked by Coj Par and other Nostro Ristorante employees.

31. Defendants did not provide Coj Par with a wage notice at his time of hire or when his wage rate changed.

32. Defendants did not provide Coj Par with an accurate accompanying wage statement with each payment of wages reflecting, *inter alia*, his hours worked and hourly rate paid.

## FIRST CLAIM
## NYLL – Unpaid Minimum Wages

33. Coj Par repeats and incorporates all foregoing paragraphs as if fully set forth herein.

34. The NYLL requires employers to pay employees a minimum wage for the first forty hours worked in a workweek.

35. Defendants were Coj Par's employer within the meaning of NYLL §§ 190(3), 651(6), and supporting New York State Department of Labor ("NYDOL") Regulations.

36. The minimum wage provisions of NYLL § 652 and supporting NYDOL regulations apply to Defendants.

37. For periods of his employment, Defendants failed to pay Coj Par the minimum wages to which he was entitled under the NYLL and its supporting regulations.

38. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Coj Par the statutory minimum hourly wage rate for regular hours worked.

39. As a result of Defendants' willful violations of the NYLL, Coj Par is entitled to recover his unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## SECOND CLAIM
### FLSA – Unpaid Overtime Wages

40. Coj Par repeats and incorporates all foregoing paragraphs as if fully set forth herein.

41. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a), and employed Coj Par.

42. Defendants were required to pay Coj Par overtime wages at a rate of one and one-half (1.5) times his regular rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

43. As a result of Defendants' practice of paying Coj Par on a salary and day rate basis, Defendants failed to pay Coj Par the overtime wages to which he was entitled under the FLSA.

44. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Coj Par overtime wages.

45. As a result of Defendants' willful violations of the FLSA, Coj Par is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## THIRD CLAIM
## NYLL – Unpaid Overtime Wages

46. Coj Par repeats and incorporates all foregoing paragraphs as if fully set forth herein.

47. Under the NYLL and supporting NYDOL regulations, including 12 NYCRR § 146-1.4, Defendants were required to pay Coj Par one and one-half (1.5) times his regular rate of pay, which shall not be less than the statutory minimum wage rate, for all hours worked in excess of forty per workweek.

48. As a result of Defendants' practice of paying Coj Par on a salary and day rate basis, Defendants failed to pay Coj Par the overtime wages to which he was entitled under the NYLL and its supporting regulations.

49. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Coj Par overtime wages.

50. As a result of Defendants' willful violations of the NYLL, Coj Par is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

## FOURTH CLAIM
## NYLL – Unpaid Spread-of-Hours Pay

51. Coj Par repeats and incorporates all foregoing paragraphs as if fully set forth herein.

52. Defendants willfully failed to pay Coj Par additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which his shift spanned over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 146-1.6.

53. As a result of Defendants' willful violations of the NYLL, Coj Par is entitled to recover unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

### FIFTH CLAIM
### NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices

54. Coj Par repeats and incorporates all foregoing paragraphs as if fully set forth herein.

55. The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

56. Defendants failed to furnish Coj Par at the time of his hiring and when his wage rate changed with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage including tip, meal, or lodging allowances; the regular payday designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of NYLL § 195(1).

57. As a result of Defendants' violation of NYLL § 195(1), Coj Par is entitled to recover statutory damages, and reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1-b).

### SIXTH CLAIM
### NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements

58. Coj Par repeats and incorporates all foregoing paragraphs as if fully set forth herein.

59. The NYLL and the WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

60. Throughout Coj Par's employment with Defendants, Defendants paid Coj Par without providing him with a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

61. As a result of Defendants' violation of NYLL § 195(3), Coj Par is entitled to recover statutory damages, and reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

    a.    declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

    b.    declaring that Defendants violated the minimum wage and spread-of-hours pay provisions of the NYLL and supporting regulations;

    c.    declaring that Defendants violated the wage notice and wage statement provisions of the NYLL and WTPA;

    d.    declaring that Defendants' violations of the FLSA and the NYLL were willful;

    e.    enjoining and permanently restraining Defendants from further violations of the FLSA and NYLL;

    f.    awarding Coj Par damages for unpaid minimum and overtime wages and unpaid spread-of-hours pay;

  g. awarding Coj Par liquidated damages in an amount equal to his unpaid wages;

  h. awarding Coj Par statutory damages as a result of Defendants' failure to furnish him with a wage notice and accurate wage statements as required by the NYLL and WTPA;

  i. awarding Coj Par reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL;

  j. awarding Coj Par pre- and post-judgment interest under the NYLL and

  k. awarding Coj Par other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
   November 22, 2021

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Galen C. Baynes
Pechman Law Group PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
baynes@pechmanlaw.com
*Attorneys for Plaintiff*